UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS B. IRELAND as Personal Representative
of the Estate of GREGG T. IRELAND, on behalf
of the Estate and the Survivors, Karen E. Ireland
and Thomas B. Ireland,

    Plaintiff,

v.

BILL PRUMMELL, as Sheriff of Charlotte County,
CORIZON LLC, a private health care corporation, and
TABBATHA CARTER, BRANDON SWARTZENTRUBER,
MICHAEL WILES, ROBERT SLEDZINSKI, ALAN
SCHWOCHO, WILLIAM GARLICK, MICHAEL
BURNETTE, ALBERT L. BURROWS, ADAMAR
GONZALEZ-FIGUEROA, MARGARET BRACY,
ZACKARY HEAVENER, individually,

    Defendants.
_____/

CASE NO.: 2:17-cv-468-FtM-MRM

**DEFENDANTS CARTER, SWARTZENTRUBER, WILES, SLEDZINSKI, SCHWOCHO, GARLICK AND BURROWS' ANSWER/DEFENSES TO AMENDED COMPLAINT**

The Defendants, TABBATHA CARTER, BRANDON SWARTZENTRUBER, MICHAEL WILES, ROBERT SLEDZINSKI, ALAN SCHWOCHO, WILLIAM GARLICK and ALBERT BURROWS, file this their Answer/Defenses to the Plaintiff's Amended Complaint which contained a certificate of service of December 20, 2017 as follows:

**Preliminary Statement**

Denied.

**JURISDICTION AND VENUE**

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

1

4. Admitted that venue is proper.

5. Without knowledge and therefore denied.

## PARTIES

6. Admitted to the extent that Plaintiff alleges this factual information in the subject litigation. Without knowledge and therefore denied as to whether or not such information is factually accurate.

7. Admitted to the extent that Defendant Corizon, LLC contracts with the Sheriff to provide medical care to detainees/inmates housed at the jail. Without knowledge and therefore denied as to all other allegations.

8. Admitted that Adamar Gonzalez-Figueroa is individually named in this lawsuit as a defendant. Without knowledge and therefore denied as to all other allegations.

9. Admitted that Margaret Bracy is individually named in this lawsuit as a defendant. Without knowledge and therefore denied as to all other allegations.

10. Admitted that Zackary Heavener is individually named in this lawsuit as a defendant. Without knowledge and therefore denied as to all other allegations.

11. Admitted that William Prummell at all times pertinent was the Sheriff of Charlotte County and is named in this lawsuit as a defendant in his official capacity only. Without knowledge and therefore denied as to all other allegations.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted only to the extent that at all times pertinent to the subject litigation, the Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick, Burnette and Burrows acted under color of law.

**Common Allegations of Fact**

21. Admitted.

22. Admitted.

23. Denied as phrased.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Admitted that Ireland was placed in the infirmary at the jail and remained therefore most of August 22 and 23, 2015. Otherwise, without knowledge and therefore denied.

29. Without knowledge and therefore denied. The Defendant corrections officers are not health care providers. They are not authorized and do not provide medication to jail detainees/inmates. Due to privacy concerns, corrections officers have very limited information regarding a detainee/inmate's health and medication being given to a detainee/inmate.

30. Without knowledge and therefore denied. The Defendant corrections officers are not health care providers. They are not authorized and do not provide medication to jail

detainees/inmates. Due to privacy concerns, corrections officers have very limited information regarding a detainee/inmate's health and medication being given to a detainee/inmate.

31. Without knowledge and therefore denied. The Defendant corrections officers are not health care providers. They are not authorized and do not provide medication to jail detainees/inmates. Due to privacy concerns, corrections officers have very limited information regarding a detainee/inmate's health and medication being given to a detainee/inmate.

    32.    Denied as phrased.

    33.    Without knowledge and therefore denied.

    34.    Admitted.

    35.    Without knowledge and therefore denied. The Defendant corrections officers are not health care providers. They are not authorized and do not provide medication to jail detainees/inmates. Due to privacy concerns, corrections officers have very limited information regarding a detainee/inmate's health and medication being given to a detainee/inmate.

    36.    Without knowledge and therefore denied. The Defendant corrections officers are not health care providers. They are not authorized and do not provide medication to jail detainees/inmates. Due to privacy concerns, corrections officers have very limited information regarding a detainee/inmate's health and medication being given to a detainee/inmate.

    37.    Without knowledge and therefore denied.

38. As to Defendant Swartzentruber, admitted that he responded along with Nurse Zack Heavener to Ireland's cell at approximately 3:20 a.m. on August 24, 2015 due to a disturbance therein. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

39. As to Defendant Swartzentruber, admitted that Ireland's cell mate Taylor Weiser advised him that Ireland had thrown water on him twice while he was sleeping. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

40. As to Defendant Swartzentruber, admitted that Ireland was sweating profusely and seemed anxious when the Defendant Swartzentruber responded to his cell at approximately 3:20 a.m. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

41. As to Defendant Swartzentruber, admitted. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

42. As to Defendant Swartzentruber, denied as phrased. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. As to Defendant Swartzentruber, denied as phrased. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

47. Admitted.

48. As to Defendant Carter, denied as phrased. As to Defendants Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

49. As to Defendant Carter, admitted only that she did not go to Ireland's jail cell. As to Defendants Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. As to Defendant Swartzentruber, admitted that Deputy Reyes was the first officer to respond to Ireland's cell. As to Defendants Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

57. As to Defendant Wiles, admitted. As to Defendants Swartzentruber, Carter, Wiles, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

58. Denied as phrased.

59. Denied as phrased.

60. As to Defendant Sledzinski, denied as phrased. As to Defendants Carter, Swartzentruber, Wiles, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

61. As to Defendant Wiles, admitted that he delivered two open handed palm heel strikes to Ireland's lower right side area when Ireland lifted him. As to Defendants Carter, Swartzentruber, Sledzinski, Schwocho, Garlick, and Burrows, without knowledge and therefore denied.

62. Without knowledge and therefore denied.

63. Denied as phrased.

64. Denied.

65. Denied as phrased.

66. As to Defendant Garlick, denied as phrased. As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, and Burrows, without knowledge and therefore denied.

67. Admitted that Deputy Burnette responded to the scene. Without knowledge and therefore denied as to what he specifically saw and at what point he saw it.

68. As to Defendant Garlick, denied as phrased. As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, and Burrows, without knowledge and therefore denied.

69. As to Defendant Garlick, admitted that he assisted with applying the emergency restraint belt (ERB). As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, and Burrows, without knowledge and therefore denied.

70. As to Defendant Burrows, denied as phrased. As to Defendants Carter, Swartzentruber, Sledzinski, Schwocho, Garlick and Wiles, without knowledge and therefore denied.

71. As to Defendant Garlick, denied. As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, and Burrows, without knowledge and therefore denied.

72. As to Defendant Swartzentruber, admitted only that he utilized the taser on Ireland to gain control of Ireland who was not complying with his orders. As to Defendant Sledzinski, admitted only that he utilized the taser on Ireland who was kicking to prevent him from injuring Defendant Sledzinski or the other officers on scene while leg shackles were being secured. As to Defendants Carter, Schwocho, Garlick, Wiles and Burrows, without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Admitted that at some point during the subject incident, Ireland became unresponsive.

75. Denied as phrased.

76. Without knowledge and therefore denied.

77. Without knowledge and therefore denied.

78. As to Defendant Garlick, denied as phrased. As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, and Burrows, without knowledge and therefore denied.

79. Denied as phrased.

80. Denied as phrased.

81. Admitted that officers moved Ireland downstairs. Without knowledge and therefore denied as to the exact time this occurred.

82. Denied.

83. As to Defendant Garlick, admitted that he noticed a small laceration on Ireland's forehead while he was still upstairs in cell 20. As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, and Burrows, without knowledge and therefore denied.

84. Without knowledge and therefore denied.

85. Without knowledge and therefore denied.

86. Without knowledge and therefore denied.

87. Without knowledge and therefore denied.

88. Without knowledge and therefore denied.

89. Without knowledge and therefore denied.

90. Without knowledge and therefore denied.

91. As to Defendants Garlick, Burrows and Wiles, denied. As to Defendants Carter, Swartzentruber, Sledzinski, and Schwocho, without knowledge and therefore denied.

92. Without knowledge and therefore denied.

93. Admitted.

94. Admitted.

95. Without knowledge and therefore denied.

96. Denied as phrased.

97. Without knowledge and therefore denied.

98. As to Defendant Burrows, denied as phrased. As to Defendants Carter, Swartzentruber, Wiles, Sledzinski, Schwocho and Garlick, without knowledge and therefore denied.

99. Denied as phrased.

100. As to Defendant Carter, denied as phrased As to Defendants Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick and Burrows, without knowledge and therefore denied.

101. Denied as phrased.

102. Denied as phrased.

103. Denied.

104. Without knowledge and therefore denied.

105. As to Defendants Wiles and Carter, admitted only that emergency medical personnel arrived at the Charlotte County Jail and transported Ireland to the hospital. As to Defendants Swartzentruber, Sledzinski, Schwocho, Garlick and Burrows, without knowledge and therefore denied.

106. Without knowledge and therefore denied.

107. Without knowledge and therefore denied.

108. Without knowledge and therefore denied.

109. Without knowledge and therefore denied.

110. Without knowledge and therefore denied.

111. Without knowledge and therefore denied.

112. Denied.

## Causes of Action

### I. 42 U.S.C. § 1983: Failure to Treat (Corizon)

113 - 127.  As these allegations do not pertain to this Defendant, no responses are being provided to paragraphs 113 - 127.

### II. 42 U.S.C. § 1983: Failure to Treat (Gonzalez)

128 - 136.  As these allegations do not pertain to this Defendant, no responses are being provided to paragraphs 128 - 136.

### III. 42 U.S.C. § 1983: Failure to Treat (Bracy, Heavener)

137 - 144.  As these allegations do not pertain to this Defendant, no responses are being provided to paragraphs 137 - 144.

### IV. 42 U.S.C. § 1983: Deliberate Indifference (Sheriff Prummell)

145 - 161.  As these allegations do not pertain to these Defendants, no responses are being provided to paragraphs 145 - 161.

### V. 42 U.S.C. § 1983: Excessive Force; Failure to Protect (Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick, Burnette, Burrows)

162.  See responses to Common Allegations as set forth above.

163.  Denied.

164.  Denied.

165.  Denied.

166.  Denied.

167.  Denied.

168.  Denied.

169.  Denied.

170. Denied.

171. Denied.

172. Denied.

### VI. Wrongful Death under State Law (Sheriff Prummell)

173 - 182.   As these allegations do not pertain to these Defendants, no responses are being provided to paragraphs 173 - 182.

### VII. Wrongful Death under State Law (Corizon)

183 - 191.   As these allegations do not pertain to these Defendants, no responses are being provided to paragraphs 183 - 191.

### Damages

192. Denied.

### Prayer for Relief

A. - F.  Denied.

### GENERAL DENIAL

Any and all allegations to which a specific response has not previously been provided is herein denied and strict proof thereof is demanded.

### DEFENSES

193. As a first Defense, the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure would assert that Plaintiff has failed to make sufficient allegation of ultimate fact from which it can be determined that a claim for relief has been stated.

194. As a further and separate Defense, the Defendants would assert that any and all injuries or damages suffered by Plaintiff were caused by reason of Plaintiff's and/or Plaintiff's decedent's negligence and/or wrongful acts and/or misconduct.

195. As a further and separate Defense, the Defendants would assert that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by reason of the wrongful acts of others over which these Defendants had no control or responsibility for control.

196. As a further and separate Defense, to the extent any of these Defendants are named in their individual capacities, they would assert that they are immune from any and all liability through application of the concept of qualified immunity, as they, at no time, committed any act in derogation of Plaintiff's civil rights of which a reasonable corrections officer would have had knowledge and, at all times, otherwise acted in good faith relying upon existing statutes, policies and procedures as authority for their actions.

197. As a further and separate Defense, the Defendants would assert that any and all actions they took were taken:

    a. Without malice;

    b. With probable cause;

    c. In pursuit of lawful and legal duties;

    d. With such force as was reasonably necessary under the circumstances.

198. As a further and separate Defense, the Defendants would assert that the Sheriff of Charlotte County has no custom, policy, practice or procedure that provided the moving force or cause of any alleged violation of Plaintiff's decedent's constitutional rights.

199. As a further and separate Defense, the Defendants would assert that the force used by them, if any, was reasonable and was applied in good faith to restore or maintain discipline and/or security.

200. As a further and separate Defense, the Defendants would assert that the force used by them, if any, was not applied maliciously or sadistically with the intent of causing harm.

201. As a further and separate Defense, the Defendants would assert that they are entitled to a set off for any collateral sources of compensation for Plaintiff's or Plaintiff's decedent's alleged injuries and/or damages.

202. As a further and separate Defense, the Defendants would state that to the extent the Plaintiff or Plaintiff's decedent failed to mitigate her/his damages, including but not limited to, by not availing himself of medical treatment where such medical treatment is or was reasonably expected to diminish Plaintiff's alleged disability, discomfort, and damages, Defendants are entitled to a reduction of any jury award.

## **DEMAND FOR TRIAL BY JURY**

The Defendants TABBATHA CARTER, BRANDON SWARTZENTRUBER, MICHAEL WILES, ROBERT SLEDZINSKI, ALAN SCHWOCHO, WILLIAM GARLICK and ALBERT BURROWS, hereby demand trial by jury on all issues so triable.

    *s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE - Trial Counsel
Florida Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: summer@purdylaw.com
      melissa@purdylaw.com
Attorneys for Defendants Sheriff, Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick, and Burrows