**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
Case No.: 2:17-CV-00468-SPC-MRM**

THOMAS B. IRELAND, as Personal
Representative of the ESTATE OF
GREGG T. IRELAND, on behalf of
the Estate and the Survivors, Karen
E. Ireland and Thomas B. Ireland,

    Plaintiff,

v.

BILL PRUMMELL, as Sheriff of
Charlotte County, CORIZON, LLC,
a private health care corporation,
and TABBATHA CARTER,
BRANDON SWARTZENTRUBER,
MICHAEL WILES, ROBERT
SLEDZINSKI, ALAN
SCHWOCHO, WILLIAM GARLICK,
MICHAEL BURNETTE, ALBERT L.
BURROWS, ADAMAR GONZALEZ-
FIGUEROA, MARGARET BRACY,
and ZACKARY HEAVENER,
individually,

    Defendants.
_____/

**DEFENDANTS CORIZON HEALTH, INC., ADAMAR GONZALEZ-
FIGUEROA, MARGARET BRACY AND ZACKARY HEAVENER'S
ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants Corizon Health, Inc. ("Corizon"), Adamar Gonzalez-Figueroa ("Figueroa"), Margaret Bracy ("Bracy") and Zackary Heavener ("Heavener") (collectively "Corizon Defendants") file this Answer, Affirmative Defenses and

Jury Demand to the Plaintiff's Amended Complaint ("Complaint") [ECF #27] as follows:

1. The Corizon Defendants deny all allegations contained in the Complaint unless specifically admitted here, and demand strict proof of all denied allegations.

2. The Corizon Defendants admit the allegations contained in paragraphs 1 and 4 of the Complaint to the extent that jurisdiction and venue are present and appropriate.

3. The Corizon Defendants admit the allegations in paragraphs 8, 9 and 10 of the Complaint to the extent that Gonzalez is a physician and Bracy and Heavener are nurses.

4. The Corizon Defendants admit the allegations contained in paragraph 23 of the Complaint to the extent that Ireland was taken to a local hospital for medical clearance to the jail.

5. The Corizon Defendants admit the allegations contained in paragraphs 24 and 25 of the Complaint to the extent that hospital records indicate this diagnosis and treatment at the hospital.

6. The Corizon Defendants admit the allegations contained in paragraph 28 of the Complaint to the extent that Ireland was housed in the infirmary and was observed for signs of alcohol withdrawal.

7. The Corizon Defendants admit the allegations contained in paragraph 63 of the Complaint to the extent that nurses cannot enter an inmate's cell unless allowed by security.

8. The Corizon Defendants admit the allegations contained in paragraph 89 of the Complaint to the extent that an order for Valium was entered.

## **AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, the Corizon Defendants state that Plaintiff's claims amount to no more than a difference of opinion between him and the Corizon Defendants, which is not actionable in a prisoner civil rights claim.

3. As a second affirmative defense, the Corizon Defendants state that if Ireland suffered any injury or damage, it was due in whole or in part to his own actions.

4. As a third affirmative defense, the Corizon Defendants state that if Ireland suffered any injury or damage, it was due in whole or in part to the actions of third parties not under the control of the Corizon Defendants and their liability, if any, should be reduced in proportion to the actions of those third parties.

5. As a fourth affirmative defense, the Corizon Defendants state that all decisions made regarding Ireland's treatment were in accordance with sound medical and mental health practices and were the result of the use of their own professional judgment. Therefore, those actions cannot form the basis of a prisoner civil rights claim brought pursuant to Section 1983.

6. As a fifth affirmative defense, the Corizon Defendants state that the allegations in the Complaint sound in medical malpractice, which is not an appropriate basis for a prisoner civil rights claim.

7. As a sixth affirmative defense, the Corizon Defendants state that the Plaintiff failed to comply with conditions precedent to bring a medical malpractice claim by failing to provide presuit notice and an affidavit from a competent medical expert as required by Florida law.

8. As a seventh affirmative defense, the Corizon Defendants state that the expiration of the statute of limitations bars all state law claims.

## JURY DEMAND

The Corizon Defendants demand trial by jury on all issues so triable.

By: /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 11th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

James V. Cook
*Attorneys for Plaintiff*
Law Offices of James Cook
314 W. Jefferson Street
Tallahassee, FL  32301
Phone: 850-222-8080
Fax: 850-561-0836
Email: cookjv@gmail.com

David R. Linn
*Attorneys for Plaintiff*
David R. Linn, Attorney at Law, P.A.
1777 Tamiami Trail, #103
Port Charlotte, FL 33948-1064
Phone: 941-766-0600
Fax: 941-766-1968
Email: drlinn@davidrlinn.com;
mgoad@davidrlinn.com;
drlcourtdocuments@davidrlinn.com

Summer M. Barranco, Esq.
*Attorneys for Defendants Prummell Carter, Swartzentruber, Wiles, Sledzinski, Schwocho, Garlick and Burrows*
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
Phone: 954-462-3200
Fax: 954-462-3861
Email: Summer@purdylaw.com;
Melissa@purdylaw.com

Robert C. Shearman
*Attorneys for Defendant Burnette*
Henderson, Franklin, Starnes & Holt
PO Box 280
Fort Myers, FL 33902-0280
Phone: 239-344-1346
Fax: 239-344-1501
Email:   Robert.shearman@henlaw.com;
courtney.ward@henlaw.com

THE TOOMEYLAW FIRM LLC
*Attorneys for Defendants Corizon, Gonzalez-Figueroa, Bracy and Heavener*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
Phone: 239-337-1630
Fax: 239-337-0307
Email: gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com

By: /s/ Gregg A. Toomey
    Gregg A. Toomey
    Florida Bar No. 159689