UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA FORT MYERS
DIVISION

THOMAS B. IRELAND, as personal
representative of the estate of Gregg T.
Ireland, on behalf of the estate and the
survivors, Karen E. Ireland and Thomas
B. Ireland

        Plaintiff,

v.                                    Case No:   2:17-cv-468-FtM-38MRM

BILL PRUMMELL, CORIZON LLC,
TABBATHA CARTER, BRANDON
SWARTZENTRUBER, MICHAEL
WILES, ROBERT SLEDZINSKI,
ALAN SCHWOCHO, WILLIAM
GARLICK, MICHAEL BURNETTE,
ALBERT L. BURROWS, ADAMAR
GONZALEZ-FIGUEROA,
MARGARET BRACY and ZACKARY
HEAVENER,

        Defendants.

_____

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan

pursuant to  Fed. R. Civ. P. 26(f) and M.D. Fla. R.3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** <br> [Court recommends 30 days after CMR meeting] | October 15, 2018 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br> [each party who has not previously filed must file immediately] | Immediate |
| **Motions to Add Parties or to Amend Pleadings** <br> [Court recommends 1 - 2 months after CMR meeting] | March 15, 2019 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Disclosure of Expert Reports**                  Plaintiff:<br>                                                                Defendant:<br>*[Court recommends last exchange 6 months before trial and 1 – 2 months before discovery deadline to allow expert depositions]* | July 1, 2019<br>August 1, 2019 |
| **Discovery Deadline**<br>*[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]* | September 3, 2019 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>*[Court requires 4 months or more before trial term begins]* | October 1, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>*[(14) days before Joint Final Pretrial Statement]* | December 6, 2019 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version may be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>*[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference]* | December 20, 2019 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>*[Court recommends 3 weeks before Final Pretrial Conference]* | December 20, 2019 |
| **Final Pretrial Conference**<br>*[Court will set a date that is approximately 3 weeks before trial]* | January 10, 2020 |
| **Trial Term Begins**<br>*[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]* | February 3, 2020 |
| **Estimated Length of Trial** *[trial days]* | 5-10 days |

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| **Jury / Non-Jury** | | Jury |
| **Mediation** | Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 – 3 months after CMR meeting, or just after discovery deadline] | November 1, 2019<br>Gary Larson, Esq.<br>Dickinson & Giddens<br>401 N. Cattlemen Rd., Ste 300<br>Sarasota, FL 34103<br>239-643-0100 |
| **All Parties Consent to Proceed Before Magistrate Judge** | | Yes____     No__X__<br><br>Likely to Agree in Future _____ |

## I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a  different location. Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1] and as authorized by Order of the Court (DE 59) a meeting  was held via telephone on:

 September 21, 2018 (date) at 9:30 a.m. (time) at Individual Offices (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| James V. Cook, Esq. | Thomas Ireland as Personal Rep. |
| David R. Linn, Esq. | Thomas Ireland as Personal Rep. |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

| Summer M. Barranco, Esq. | Defendants Bill Prummell, as Sheriff of Charlotte County, Tabbatha Carter, Brandon Swartzentruber, Michael Wiles, Robert Sledzinski, Alan Schwocho, William Garlick and Albert L. Burrows |
| --- | --- |
| Robert C. Shearman, Esq. | Defendant Michael Burnette |
| Gregg A. Toomey, Esq. | Defendants Corizon Health, Inc., Adamar Gonzalez-Figueroa, Margaret Bracy and Zackary Heavener |

## II.     Preliminary Pretrial Conference

Local Rule 3.05(c)(30)(B) provides that preliminary pretrial conferences are mandatory in Track Three cases.

**Track Two cases:** The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed. The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated.

Unresolved issues to be addressed at such a conference include:

**None.**

## III.    Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(C) – (D) Disclosures

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties_____have exchanged     X___agree to exchange (check one)

information  described in Fed. R. Civ. P. 26(a)(1)(C)-(D)

_____On X____by (check one) 10/15/2018____(date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

### IV.      Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically  stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core  Information in Section III above, and agree that (check one):

___no party anticipates the disclosure or discovery of ESI in this case;

_X_one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the  following issues shall be discussed:[2]

A.  The form or forms in which ESI should be produced.

B.  Nature  and  extent  of  the  contemplated  ESI  disclosure  and  discovery, including  specification of the topics for such discovery and the time period for which discovery will  be sought.

C.  Whether the production of metadata is sought for any type of ESI, and if so,  what types of metadata.

D.  The various sources of ESI within a party's control that should be searched

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006  Amendments to Rule 26(f) and Rule 16.

for  ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.   The characteristics of the party's information systems that may contain  relevant ESI, including, where appropriate, the identity of individuals with special  knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including  whether the parties can facilitate discovery by agreeing on procedures and, if  appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree  that a protective order is needed, they shall attach a copy of the proposed order to the  Case Management Report. The parties should attempt to agree on protocols that  minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and  Section V.F. below on Confidentiality Agreements.

H.   Whether the discovery of ESI should be conducted in phases, limited, or  focused upon particular issues.

**The parties have agreed to exchange emails, video and audio recordings, photographs, documents and other electronic evidence in PDF, TIFF, or JPEG format, or other usable format, without metadata, via email, CD, or flash drive, or as otherwise agreed among the parties, based upon the express understanding that some documents and information produced may be designated as confidential and to be utilized for purposes of this litigation only. Parties will provide search terms for e-mail searches. The Parties will submit a protective agreement or order in the case of sensitive or privileged records.**

Please state if there are any areas of disagreement on these issues and, if so,

summarize the parties' positions on each:

**None.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_____ one or more of the parties requests that a preliminary pre-trial conference  under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be  addressed, the parties are encouraged to have their information technology experts with  them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

___X___ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V.      Agreed Discovery Plan for Plaintiffs and Defendants**

A.      **Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper, including emergency motion, is subject to being denied or stricken  unless the filing party has previously filed and served its Certificate of Interested  Persons and Corporate Disclosure Statement.  Any party who has not already filed and  served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a

Certificate of Interested Persons and Corporate Disclosure Statement, which remains

current:

        Yes

X      No        Amended Certificate will be filed by  all parties

                       (party) on or before 10/5/2018          (date).

### B.    **Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in

Local Rule 3.03.  The Court encourages the exchange of discovery requests

electronically.  See M.D. Fla. R. 3.03 (e).  The parties further agree as follows:

**Parties agree to service of discovery requests and responses by electronic means. If there is a problem receiving large documents, the records will be conveyed by disk or flashdrive by U.S. Mail.**

### C.    **Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per

side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent

leave of Court, the parties may serve no more than twenty-five interrogatories, including

sub-parts.  Fed. R .Civ. P. 33(a).  The parties may agree by stipulation on other limits on

discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits

in entering the scheduling order.  Fed. R. Civ .P. 29.  In addition to the deadlines in the

above table, the parties have agreed to further limit discovery as follows:

1.    Depositions: **20 per side**

2.    Interrogatories: **25, as per the rules**

3.    Document Requests: **As per the rules**

4.    Requests to Admit: **As per the rules**

5.      Supplementation of Discovery: **Within 30 days**

D.      **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions  to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**Nothing further.**

E. **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**Nothing further.**

F.  **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue  from whether the parties may agree that produced documents are confidential.  The  Court is a public forum, and disfavors motions to file under seal. The Court will permit  the parties to file documents under seal only upon a finding of extraordinary  circumstances and particularized need.  See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors

Corp., 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under

seal must file a motion to file under  seal requesting such Court action, together

with a memorandum of law in support.  (See M.D. Fla. R. 1.09).  The motion,

whether granted or denied, will remain in the public  record.

 The parties may reach their own agreement regarding the designation

of  materials as "confidential."  There is no need for the Court to endorse the

confidentiality  agreement.  The Court discourages unnecessary stipulated

motions for a protective  order.  The Court will enforce appropriate stipulated

and signed confidentiality  agreements.  See M.D. Fla. R. 4.15.  Each

confidentiality agreement or order shall provide, or shall be deemed to

provide, that "no party shall file a document under seal  without first having

obtained an order granting leave to file under seal on a showing of

particularized need."  With respect to confidentiality agreements, the parties

agree as  follows:

**The Parties will work to draft a proposed Protective Order or Agreement for submission to the Court to resolve issues of sensitive or confidential records.**

### G. Electronically Stored Information and Claims of Privilege

 Pursuant to Fed. R. Civ. P. 16, the parties have made the following

agreements  regarding the disclosure and discovery of electronically stored

information as well as the  assertion of claims of privilege or protection of trial

preparation materials after  production:

**The Parties will work to draft a proposed Protective Order or Agreement for submission to the Court to resolve issues of sensitive or confidential records.**

### H. Other Matters Regarding Discovery

**None.**

### VI.    Settlement and Alternative Dispute Resolution.

**A.    Settlement –**

The parties agree that settlement is   _____likely X__unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____yes    X_____no     _____likely to request in future

**B.    Arbitration –**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration  automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

_____yes    X_____no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent  to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____yes    X_____no     _____likely to agree in future

_____Binding_____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for  arbitration upon a determination that the case is susceptible to resolution through  mediation.  Local Rule 8.02(b).  The parties agree that this case is susceptible to  resolution through mediation, and therefore jointly request mediation in place of  arbitration:

 X_____yes    _____no     _____likely to agree in future

**C.    Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case

will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.    Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

**None.**

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and

Signature of Unrepresented Parties.

s/Summer M. Barranco, Esq.
Attorneys for Defendants Bill Prummell, as
Sheriff of Charlotte County, Tabbatha Carter,
Brandon Swartzentruber, Michael Wiles,
Robert Sledzinski, Alan Schwocho, William
Garlick and Albert L. Burrows
Purdy, Jolly, Giuffreda & Barranco, and Jisa,
P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
Phone: 954-462-3200
Fax: 954-462-3861
Email: Summer@purdylaw.com;
Melissa@purdylaw.com

s/Robert C. Shearman, Esq.
Attorneys for Defendant Michael Burnette
Henderson, Franklin, Starnes & Holt
PO Box 280
Fort Myers, FL 33902-0280
Phone: 239-344-1346
Fax: 239-344-1501

s/James V. Cook, Esq.
Attorneys for Plaintiff
Law Offices of James Cook
314 W. Jefferson Street
Tallahassee, FL 32301
Phone: 850-222-8080
Fax: 850-561-0836
Email: cookjv@gmail.com

s/David R. Linn, Esq.
Attorneys for Plaintiff
David R. Linn, Attorney at Law, P.A.
1777 Tamiami Trail, #103
Port Charlotte, FL 33948-1064
Phone: 941-766-0600
Fax: 941-766-1968
Email: drlinn@davidrlinn.com;
cbenoit@davidrlinn.com;
drlcourtdocuments@davidrlinn.com

Email: Robert.shearman@henlaw.com;
courtney.ward@henlaw.com

*s/Gregg A. Toomey, Esq.*
The Toomey Law Firm LLC
Attorneys for Defendants Corizon Health,
Inc., Adamar Gonzalez-Figueroa, Margaret
Bracy and Zackary Heavener
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
Phone: 239.337.1630
Fax: 239.337.0307
Email: gat@thetoomeylawfirm.com,
alr@thetoomeylawfirm.com, and
hms@thetoomeylawfirm.com