UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS B. IRELAND, as personal representative of the estate of Gregg T. Ireland, on behalf of the estate and the survivors, Karen E. Ireland and Thomas B. Ireland,

    Plaintiff,

v.                                         Case No.:  2:17-cv-468-FtM-PAM-MRM

BILL PRUMMELL, CORIZON LLC, TABBATHA CARTER, BRANDON SWARTZENTRUBER, MICHAEL WILES, ROBERT SLEDZINSKI, ALAN SCHWOCHO, WILLIAM GARLICK, MICHAEL BURNETTE, ALBERT L. BURROWS, ADAMAR GONZALEZ-FIGUEROA, MARGARET BRACY and ZACKARY HEAVENER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Production of Corizon's Mortality Review and Motion to Accept the Motion to Compel as Timely Filed. (Doc. 76, Motion). Defendants Corizon Health Inc., Adamar Gonzalez-Figueroa, Margaret Bracy and Zackary Heavener (collectively "Corizon") filed a Response to Motion to Compel Production of Corizon's Mortality Review and Motion to Accept the Motion to Compel as Timely Filed. (Doc. 81, "Response"). Plaintiff seeks production of Corizon's Mortality Review, with appendices. Plaintiff notes the time for filing a motion regarding discovery has expired but states Plaintiff first became aware of the existence of the Mortality Review during Defendant Gonzalez's deposition held on September 12, 2019. (Doc. 76 at ¶ 5). Plaintiff argues that the Mortality

Review is not privileged under federal law and is responsive to its discovery requests previously propounded upon Defendant Corizon.  (*Id*. at ¶¶ 1, 6).  Corizon objects to the production of the Mortality Review on the basis that the document was not requested.  (Doc. 81 at 4-5).  Corizon makes no other objection to its production.  (*See generally id*.).

This case involves the August 2015 death of Greg Ireland ("Greg") while he was in detained in the Charlotte County Jail.  The Amended Complaint alleges violations of Ireland's civil rights and pendent state law claims and is comprised of seven counts, four counts which are directed against Corizon and its healthcare workers.  (*See generally* Doc. 27).

Before turning to the merits. the Court will address the timeliness of the Motion.  If a request is made after the deadline expires, the party must show excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B); *see also Inman v. Richman Prop. Servs.*, No. 3:13-cv-941-J-32MCR, 2014 WL 4639131, at *4 (M.D. Fla. 2014) (stating "because the [m]otion to [c]ompel was filed after the discovery deadline, Plaintiff must also demonstrate excusable neglect under Rule 6(b) (1), Fed. R. Civ. P.").  Plaintiff explains that the existence of the mortality review was not discovered until the September 12, 2019 deposition of Dr. Gonzalez.  (Doc. 76 at ¶ 5).  Plaintiff also points out that Dr. Gonzalez's deposition was rescheduled twice at the request of Dr. Gonzalez and required a court order because it was set after the expiration of the discovery deadline.  (*Id*. at ¶ 4).  Corizon does not address the timeliness of the Motion in its Response.  (*See generally* Doc. 81).  Thus, the Court deems this aspect of the Motion unopposed and will accept the Motion as timely filed.

The Court will now turn to the merits of the Motion.  Rule 26(b) of the Federal Rules of Civil Procedure provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed.

R. Civ. P. 26(b).  Requests for production, however, must "describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).  This Court has held reasonable particularity to mean "the requesting party must describe the information it is seeking in such a way that the responding party can understand what is being sought."  *Live Face on Web, LLC v. Tweople, Inc*., No. 6:14-cv-44-Orl-22TBS, 2014 WL 7009951, at *4 (M.D. Fla. Dec. 11, 2014).  According to the Discovery Handbook for the Middle District of Florida ("Discovery Handbook") requests for production should be "clear, concise, and reasonably particularized."  Middle District Discovery (2015) at (III)(A)(1).  For example, requests for "each and every document supporting your claim" or requests for "the documents you believe support Count I" are objectionably overbroad in most cases.  *Id*.  Reciprocally, incumbent upon an attorney receiving the request is the duty to "reasonably and naturally interpret it."  *Id*. at (III)(A)(3).

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery when a party fails to provide proper responses to requests for production of documents under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B).  When evaluating motions under Rule 37, "[t]he proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant."  *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2015 WL 5687867, at *1 (M.D. Fla. Sept. 25, 2015) (citing *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205-J-UATCMCR, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)).

Notably, Corizon does not object to the document's relevancy.  (*See generally* Doc. 81).  Consequently, the Court need not address that aspect of the document request.  As noted *supra*,

Corizon objects only on the basis that the document "was never requested." (*Id*. at 5).¹ Plaintiff points to three document requests as pertinent to the production of the Mortality Review.

1. *Plaintiff's Request for Production No. 10*:

    All medical records relating to the Patient while he was at the Facility, including not limited to medication administration records.

2. *Plaintiff's Request for Production No. 15*:

    All notes, memoranda, emails, telephone message notes, correspondence, insurance coding and billing documentation relating to Patient at the time of the matter sued upon.

3. *Plaintiff's Request for Production No. 17*

    All records on problems affecting medical care provided to inmates at the Facility, whether such record was made by an inmate, employee of the Facility, the healthcare staff at the Facility or any independent contractor, during the time of the matter sued upon.

(*Id.*).

Corizon states that a Mortality Review is a "review of a patient's death." (Doc. 81 at 3). It is "not a patient record" and would not be part of a "patient's medical chart" and thus Corizon claims it is not responsive to Document Request No. 10. (*Id*. at 4). The Court agrees that the Mortality Review is not encompassed by Request No. 10. Corizon concedes the Mortality Review is "as an administrative tool" which is "often done weeks or months after a death." (*Id.*). In support that the Mortality Review does not fall within the scope of Document Requests Nos. 15 and 17, Corizon points to the temporal qualifier language "at the time of the matter sued

---

¹ Plaintiff avers when the Mortality Review's existence was made known during Dr. Gonzalez's deposition, counsel for Dr. Gonzalez asserted privilege. (Doc. 76 at ¶ 7). During the parties' M.D. Fla. R. 3.01(g) conference, counsel claimed the Mortality Review was not responsive to any document request. *Id*. The Motion addresses both grounds— privilege and responsiveness. Because the Response does not oppose the Mortality Review on the grounds of privilege, the Court does not address the application of privilege, if any.

upon" contained in Document Requests Nos. 15 and 17. (*Id*.). Further, Corizon argues that the term "problem" contained in Request No. 17 is "vague and ambiguous." (*Id*. at 4-5).

The Court disagrees. The Court finds the Mortality Review well within the scope of Document Request Nos. 15 and 17. Certainly it falls with the definition of "memoranda . . . relating to the Patient" in Document Request No. 15. Corizon's objection that the word "problem" in Document Request No. 17 is vague and ambiguous belies common sense. The word problem is not without qualification. Instead, Plaintiff qualified the request to "problems *affecting medical care to inmates*." (Emphasis added). The term as used in the request is not vague nor is it ambiguous, but instead is used in its ordinary meaning. Furthermore, Corizon's objection to the temporal qualifier is not well-founded. The Court reasonably construes this language to limiting responsive documents to the relevant time period commencing from the date of the incident up to an including the date of the filing of the complaint in this action. Notably, in its response to discovery, Corizon did not otherwise define or object to the temporal qualifier contained in Document Requests Nos. 15 and 17.

## CONCLUSION

Accordingly, the Court **ORDERS** that:

1. Plaintiff's Motion to Compel Production of Corizon's Mortality Review and Motion to Accept the Motion to Compel as Timely Filed (Doc. 76) is **GRANTED**.

2. Corizon must produce the Mortality Review and its appendices, if any, **within seven (7) days** of the date of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on December 20, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

SA:  FTMP-1
Copies furnished to:
Counsel of Record